# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERMY JASON STARCKE, JR.,
        **Plaintiff,**

    **v.**                                    **Case No. 26-C-389**

CAPTAIN WESTRA, *et al.*,
        **Defendants.**

## <u>SCREENING ORDER</u>

Plaintiff Jermy Jason Starcke, Jr., who is currently serving a state prison sentence at the Stanley Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated.  This order resolves Plaintiff's motion for leave to proceed without prepayment of the filing fee and screens the complaint.  ECF Nos. 1 & 2.

### I.      MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner-plaintiff the ability to proceed with his case without prepaying the civil case filing fee.  28 U.S.C. § 1915(a)(2).  When funds exist, the prisoner must pay an initial partial filing fee.  28 U.S.C. § 1915(b)(1).  He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On April 2, 2026, I ordered Plaintiff to pay an initial partial filing fee of $1.57.  ECF No. 7.  Plaintiff paid that fee on April 28, 2026.  Accordingly, I will grant Plaintiff's motion

for leave to proceed without prepayment of the filing fee.  He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE COMPLAINT

### A. Federal Screening Standard

The Prison Litigation Reform Act (PLRA) requires me to screen any complaint brought by a prisoner seeking relief from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  I am required to dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states plausible claims for relief.

To state a claim under the federal notice pleading system, Plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The complaint must contain enough facts, accepted as true, to state a claim that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  The complaint must give each individual defendant notice of what he or she is accused of saying or doing to violate Plaintiff's rights; when and where the actions or inactions occurred; and the nature and extent of any injury the actions or inactions caused.  *Id.*

2

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The complaint's "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

**B. Plaintiff's Allegations**

At the relevant time, Plaintiff was a prisoner at the Waupun Correctional Institution. ECF No. 1 at 4. Defendants are Captain Westra, Lt Matthew Burns, Correctional Officer Michael Bauer, John/Jane Doe Correctional Officers, and Hearing Officer Wayne Bauer. *Id.* at 1-4. According to the complaint, on March 9, 2023 at around 2:30 p.m., Plaintiff finished working his job in the kitchen and was waiting to take a shower after his shift. *Id.* at 4 & 5. Capt. Westra, Lt. Burns, CO Bauer, and John/Jane Does arrived in the shower area and said that Plaintiff had to go to the Restrictive Housing Unit (RHU) for a drug test. *Id.* Plaintiff demanded his "right to a shower" but Capt. Westra denied it. *Id.* at 5. Lt. Burns then pointed a taser at Plaintiff's head and ordered Plaintiff to "show him my hands." *Id.* Plaintiff complied. *Id.* Lt. Burns then directed Plaintiff to "stand up." *Id.* As Plaintiff started to comply with the order to stand up, the other officers slammed him against the shower cage, causing extreme pain in his arm and shoulder. *Id.* Plaintiff thought that something had ripped or torn in his arm or shoulder. *Id.* The officers then aggressively twisted his hands, wrists, and arms to place Plaintiff in handcuffs. *Id.* The incident caused three cuts on his right arm, one cut on his left harm, and bleeding down his right arm. *Id.*

3

Plaintiff was then escorted to the RHU in his socks. *Id*. at 5 & 6. He requested medical care for his open wounds and pictures of his injuries, but both requests were denied. *Id.* at 6. Plaintiff then requested to take the drug test to prove his innocence, but that request was denied as well. *Id*. Instead, Plaintiff was stripped of his work clothes, given orange clothing, and placed in Temporary Lock-Up (TLU). *Id*. Plaintiff then received Conduct Report #00310543 for disruptive conduct, use of intoxicants, and inadequate work or school performance. *Id*. Plaintiff requested a full due process hearing. *Id*. at 6 & 7.

On March 22, 2023, Hearing Officer Bauer held a due process hearing on Conduct Report #00310543. *Id*. at 7. Plaintiff was not allowed to present witnesses or evidence. *Id*. When he tried to verbally defend himself, Hearing Officer Bauer cut him off right away. *Id*. Plaintiff notes that he also had not been allowed to take a drug test to prove his innocence; and he was not given a copy of any of the relevant conduct report documents. *Id*. Hearing Officer Bauer found Plaintiff guilty of use of intoxicants and inadequate work or school performance; and imposed a sentence of 60 days disciplinary separation (45 days of which Plaintiff served). *Id*. at 7 & 8. For relief, Plaintiff seeks monetary damages. *Id*. at 9.

## C. Analysis

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

4

### 1. Eighth Amendment: Excessive Force

The Eighth Amendment protects prisoners from physical force that amounts to the unnecessary and wanton infliction of pain. *Whitaker v. Dempsey*, 144 F.4th 908, 922-23 (7th Cir 2025). "What matters—and what will generally be the decisive factor in cases such as this—is the mindset of the individual applying the force." *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). A prison officer's use of force is unnecessary and wanton if he intends "maliciously and sadistically" to cause harm to a prisoner. *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). Force used in "a good-faith effort to maintain or restore discipline" does not violate the Eighth Amendment. *Id.* Relevant factors include: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." *Whitaker*, 144 F.4th at 923.

Plaintiff asks to proceed on an excessive force claim against Captain Westra, Lt. Burns, CO Bauer, and John/Jane Doe Correctional Officers. ECF No. 1 at 9. Plaintiff alleges that, on March 9, 2023, Captain Westra, Lt. Burns, CO Bauer, and John/Jane Doe Correctional Officers used unnecessary force and caused significant pain. Plaintiff alleges that he was in the process of complying with orders to "stand up" when Captain Westra, Lt. Burns, CO Bauer, and John/Jane Doe Correctional Officers suddenly slammed him against the shower cage and twisted his hands, wrists, and arms in a very painful manner for no reason. Plaintiff alleges that it felt like something ripped in his

5

arm/shoulder; there were four different cuts on his arms; and he had significant bleeding that dripped down his right arm. Plaintiff states that he was not resisting and the use of force was wholly unnecessary because he was complying with orders. Based on these allegations, I can reasonably infer that Captain Westra, Lt. Burns, CO Bauer, and John/Jane Doe Correctional Officers may have used excessive force in violation of the Eighth Amendment. Therefore, Plaintiff may proceed on an Eighth Amendment excessive force claim against Captain Westra, Lt. Burns, CO Bauer, and John/Jane Doe Correctional Officers in connection with the March 9, 2023 incident at the Waupun Correctional Institution.

### 2. Fourteenth Amendment: Due Process

To state a Fourteenth Amendment due process claim, Plaintiff must allege that: (1) he was deprived of a constitutionally protected liberty interest; and (2) the procedures he was afforded were constitutionally deficient. *Ealy v. Watson*, 109 F.4th 958, 964 (7th Cir. 2024). Disciplinary confinement deprives an inmate of his liberty interest when it imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 964-65 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The court looks at the "combined import" of the duration of the confinement *and* the conditions endured. *Id.* (citing *Hardaway v. Meyerhoff*, 734 F.3d 740, 743 (7th Cir. 2013)). At one end of the spectrum, "six months of segregation is not such an extreme term and, standing alone, would not trigger due process rights." *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 698 (7th Cir. 2009). On the other end of the spectrum, transfer to a maximum-security prison and placement in segregated confinement for an indefinite duration where virtually all sensory and environmental stimuli are denied, little human contact is permitted

and incarcerated individuals otherwise eligible for parole are disqualified from parole eligibility, taken together, impose an atypical and significant hardship within the correctional context. *Id*. at 697 (citing *Wilkinson v. Austin*, 549 U.S. 209, 224 (2005)).

Once a liberty interest has been invoked, the court looks to what process was due. *Ealy*, 109 F.4th at 965-66. An inmate who is facing transfer to disciplinary confinement is only entitled to "informal, nonadversarial due process," which leaves substantial discretion and flexibility in the hands of the prison administrators. *Id. (citing Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024)). Informal due process requires only that an inmate be provided (1) "notice of the reasons for the inmate's placement" in confinement and (2) "an opportunity to present his views," for instance, in a written statement or at a hearing. *Id.* "[T]he Supreme Court has made clear that '[o]rdinarily a written statement by the inmate will accomplish this purpose…So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.'" *Id.* (quoting *Hewitt v. Helms*, 459 U.S. 460, 476 (1983)).

Plaintiff asks to proceed on a Fourteenth Amendment due process claim against Hearing Officer Bauer. ECF No. 1 at 9. But Plaintiff's allegation of 45 days disciplinary separation does not on its own trigger a liberty interest. *See Marion*, 559 F.3d at 698. And he has not alleged any facts describing the conditions of his confinement during those 45 days of disciplinary separation from which I can reasonably infer that he experienced an "atypical and significant hardship" in relation to the ordinary incidents of prison life. Plaintiff has therefore failed to trigger a liberty interest and state a Fourteenth Amendment due process claim. Therefore, Hearing Officer Bauer will be dismissed from this case.

### 3. Other Claims

Plaintiff vaguely mentions "failure to protect" and "denial of medical care." ECF No. 1 at 6. But Plaintiff has not alleged enough specific facts to trigger either claim. It's unclear who failed to protect him; who denied his requests for medical care; and what specifically was said or done in connection with each claim. Simply identifying a cause of action against a group of people is not enough to state an actual claim. *Iqbal*, 556 U.S. at 678. ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, Plaintiff fails to state a failure to protect and/or denial of medical care claim; and he may only proceed on an Eighth Amendment excessive force claim.

### III. CONCLUSION

For the reasons stated, Plaintiff may proceed on an Eighth Amendment excessive force claim against Captain Westra, Lt. Burns, CO Bauer, and John/Jane Doe Correctional Officers in connection with the March 9, 2023 incident at the Waupun Correctional Institution.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Hearing Officer Wayne Bauer is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that, under an informal service agreement between the Wisconsin Department of Justice and this court, copies of the complaint and this order are being electronically transmitted to the Wisconsin Department of Justice for service on Captain Westra, Lt. Burns, and CO Bauer.

8

**IT IS FURTHER ORDERED** that, under the informal service agreement, Captain Westra, Lt. Burns, and CO Bauer shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from Plaintiff's prison trust account the **$348.43** balance of the filing fee **by collecting payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the clerk of court. The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff,

---

[1] The Prisoner E-Filing Program is mandatory for all prisoners of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS.  It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 2nd day of July, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge

10